FILED

2017 Oct-03  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE DECKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **STRATA SOLAR, LLC** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** Denise Decker (hereinafter "Plaintiff" or "Decker") and brings this civil action seeking redress for unlawful workplace discrimination and retaliation based on Plaintiff's race and gender by Defendant Strata Solar LLC (hereinafter "Defendant" or "Strata") in violation of Section 703 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.S. § 2000e *et seq.*

## INTRODUCTION

This cause of action arises out of Defendant's unlawful discharge, racial discrimination, and gender discrimination of the Plaintiff after she drafted and filed a workplace injury report indicating Defendant Strata was responsible for the injury. Defendant hired Decker on August 19, 2016, and her duties included investigating and drafting reports of workplace incidents. On October 25, 2016, Decker investigated an injury in Anniston, Alabama, where a worker's finger was crushed between a post and machinery, ultimately resulting in amputation of the worker's finger. Decker's report revealed Defendant Strata's fault and potential liability. Defendant Strata's treatment of Decker changed dramatically following the October 25, 2016, investigation report, and she was subsequently unlawfully discharged on November 28, 2016. Defendant's

discriminatory conduct against Plaintiff includes: (a) unlawful retaliation; (b) gender discrimination, (c) racial discrimination, and (d) interference with federal rights.

Plaintiff respectfully asks this Court for declaratory, injunctive, and equitable relief concerning the illegal actions of Defendant, and, for this cause of action would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.S. §§ 1331 and 1343(a).  The Court may grant declaratory relief and further necessary or proper relief pursuant to 28 U.S.C.S. §§ 2201 and 2202, and may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C.S. §§ 12188(b)(2).

2.     Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C.S. § 1391(b) and 42 U.S.C.S. § 2000e-5(f) because the unlawful discriminatory practices alleged in this complaint were committed in Anniston, Calhoun County, Alabama, which is in the Northern District of Alabama.

## PARTIES

3.     Plaintiff Denise Decker is a woman over the age of 19 and a citizen of Royalton, Morrison County, Minnesota.  Defendant employed Decker from August 19, 2016, through November 28, 2016, in its Anniston, Calhoun County, Alabama location.

4.     Defendant Strata Solar, LLC is a corporation incorporated in the State of North Carolina, and operates a solar installation project in Anniston, Calhoun County, Alabama. Defendant Strata is registered with the Alabama Secretary of State as a foreign corporation.

5.     At all times relevant to this action, Defendant was and is an employer within the meaning of Title VII.

## ADMINISTRATIVE EXHAUSTION

6.      On or about May 30, 2017, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge #420-2017-01839 (attached hereto as Exhibit 1), in which she complained that Defendant subjected her to discrimination and retaliation in relation to the terms, conditions, and benefits of her employment because of her gender.

7.      Plaintiff subsequently amended said charge to include race and retaliation, as well as gender.

8.      On June 12, 2017, the EEOC sent a letter to the Plaintiff acknowledging receipt of Plaintiff's amended charges of race and retaliation (attached hereto as Exhibit 2).

9.      On July 7, 2017, the EEOC issued its Dismissal and Notice of Rights giving Plaintiff authorization to file a private action (attached hereto as Exhibit 3).

10.    Plaintiff initiated this action within 90 days of July 7, 2017.

## FACTUAL ALLEGATIONS

11.    Plaintiff, a workplace safety professional with years of experience in OSHA training and compliance, began employment with Defendant Strata as a safety coordinator at Defendant's solar panel installation project in Anniston, Alabama, on August 22, 2016.

12.    As part of her employment, Plaintiff investigated and drafted reports of workplace incidents.

13.    On October 25, 2016, Plaintiff investigated an injury occurring in the workplace at Defendant Strata's Anniston, Alabama, location where a worker's fingers was crushed between a post and machinery, ultimately resulting in amputation. Plaintiff's investigation revealed that Defendant Strata was at fault and potentially liable for the injury.

14.     Defendant Strata's treatment of Plaintiff changed dramatically following her investigation report for the October 25, 2016, injury. Defendant Strata subjected Plaintiff to increased harassment and scrutiny through November 2016.

15.     On November 10, 2016, one of Plaintiff's supervisors at Defendant Strata, Jesse Carrillo (hereinafter "Carrillo"), Senior Director of Construction for Defendant Strata, threatened via email to replace the entire safety team, including Plaintiff, at Defendant Strata's Anniston location.

16.     In addition, one of Defendant Strata's Human Resources Managers, Maria Anderson Barker (hereinafter "Barker"), told the Plaintiff that, since an African American male had been recently terminated, she expected to see Plaintiff's resignation on her desk so that terminations would be balanced across races and genders.

17.     In another incident, Carrillo criticized Plaintiff for placing red tape instead of yellow around a workplace site and stated that a man would never have made that error.

18.     On November 28, 2016, Carrillo verbally accosted the Plaintiff after Plaintiff contacted her manager, Allen Page, to have him explain to Carrillo why additional safety personnel were on site in Anniston. Following this confrontation with Carrillo, Barker directed that Plaintiff be placed on a Performance Improvement Plan ("PIP") that included documentation of 1) her using incorrect forms in reporting the October 25, 2016, workplace incident, and 2) her failing to follow Carrillo's instructions. Despite Plaintiff's supervisor, Dan O'Brian, explaining in writing that the incorrect forms were not Plaintiff's fault, Defendant Strata nevertheless pursued the PIP against the Plaintiff.

19.     On or about November 28, 2016, Defendant Strata gave Plaintiff an ultimatum that she sign the PIP and relocate to Massachusetts or resign. Defendant Strata's retaliation against the

Plaintiff constituted wrongful discharge of the Plaintiff in violation of her federal and state protected rights.

20.     Plaintiff filed her Charge of Discrimination against Defendant on May 30, 2017, in which she articulated that Defendant discriminated against her in violation of Title VII.

## VIOLATION OF TITLE VII, 42 U.S.C.S. § 2000e-2(a)

21.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 18 above as if fully set forth herein.

22.     Section 703(a)(1) of Title VII, 42 U.S.C.S. § 2000e-2(a) provides: "It shall be an unlawful employment practice for an employer -- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

23.     Plaintiff was qualified for her position as an safety coordinator.

24.     Plaintiff was forced to suffer unwelcome conduct, including harassment based on her gender and race by her supervisors and co-workers, on a continual basis and such conduct created a hostile work environment in Plaintiff's workplace.

25.     Defendant is an employer subject to the proscriptions of Title VII.

26.     Defendant willfully and maliciously discriminated against Plaintiff based on her gender and by discharging her in retaliation for her October 25, 2016, investigation report that identified Defendant Strata as being at fault and liable for a workplace injury that resulted in amputation of a worker's finger.

27.     As set out above, Defendant commenced to treat Plaintiff adversely after her negative review of the Defendant in her October 25, 2016, investigation report.

28.     Defendant failed to investigate and stop the hostile work environment created by the gender harassment of Plaintiff by her supervisors and co-workers.

29.     Defendant failed to take any prompt and effective remedial action reasonably calculated to result in the prevention or remedy of the gender harassment of Plaintiff.

30.     Defendant condoned and ratified the unlawful discriminatory actions against Plaintiff.

31.     Defendant violated the proscriptions against gender discrimination established by Title VII.

32.     Plaintiff was forced to endure a hostile work environment where she was continuously and repeatedly subjected to gender harassment and retaliation from her supervisors and co-workers.

33.     Defendant's unlawful conduct was done with malice and/or reckless disregard of and/or deliberate indifference to Plaintiff's federally protected rights.

34.     As a result, Plaintiff has suffered lost income and other damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court will issue a judgment against Defendant awarding the following:

a)      Lost wages;
b)      Compensatory damages;
c)      Punitive damages;
d)      Pre-judgment and post-judgment interest;
e)      Reasonable attorney's fee;
f)      Plaintiff's costs and expenses;
g)      Any and all relief allowable by law; and
h)      Any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby respectfully requests a jury trial on all issues so triable.

Respectfully submitted on this the 3rd day of October, 2017.

/s/Diandra Debrosse Zimmermann_____
Diandra S. Debrosse Zimmermann (DEB011)

**OF COUNSEL:**
**ZARZAUR MUJUMDAR & DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
E: fuli@zarzaur.com

## SERVE BY CERTIFIED MAIL

Strata Solar, LLC
% Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104